Mark D. Milhollen, CFO Little Rock School District 810 W. Markham Little Rock, AR 72201
Dear Mr. Milhollen:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. § 25-19-101-109 (Repl. 2002 and Supp. 2007), for my opinion regarding the propriety of your provisional decision to withhold from disclosure to an FOIA requestor various documents contained within the personnel file of an employee of the Little Rock School District (the "LRSD"). The requestor seeks disclosure of all "absence and vacation requests" for the employee over the course of three school years beginning in 2003 and ending in 2006. You report having produced the requested leave records, but state that you have "redacted the records associated with [the employee's] sick leave," the disclosure of which you have determined would constitute "a clearly unwarranted invasion of personal privacy." You request my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether this decision is consistent with the FOIA.
RESPONSE
In my opinion, your decision is not entirely consistent with the FOIA. Leave records, including sick leave records, are generally subject to inspection and copying under the FOIA with any medical information or other private information redacted. To the extent your decision is to withhold even the amount of sick leave requested or taken, in my opinion your decision is inconsistent with the FOIA. *Page 2 
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that the subject of the request is a public employee, I believe the records at issue clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305:
 If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy . . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing *Page 3 
Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Ops. Att'y Gen. Nos. 2006-141 and 2001-122. Specifically with respect to records reflecting annual leave or sick leave, my predecessor further remarked:
 This office has consistently opined that records reflecting annual leave and sick leave should be classified as "personnel records," within the meaning of the FOIA. See, e.g., Ops. Att'y Gen. Nos. 98-234, 98-172, 97-177, 97-173, 92-132. Accord, John Watkins, Arkansas Freedom of Information Act 125-126 (2d ed. 1994). Under the FOIA's statutory standard for the disclosability of "personnel records," personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)[(12)].
Ark. Op. Att'y Gen. No. 99-015.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that *Page 4 
when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one.See, e.g., Ark. Op. Att'y Gen. 96-133.
Applying this standard to documents of the sort at issue in your request, this office has consistently opined that leave records should generally be released, subject to the condition that the custodian should redact from the records exempt material such as medical information and social security numbers.[1] See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-111 ("documentation relating to leaves of absence should be released and . . . if such records contain exempt information such as medical information . . . that information should be redacted); 2006-038 (same); 2006-035(same); 2003-360 ("records relating to leaves and balances (presumably of remaining leave . . .) are generally releasable so long as specifically exempt information, such as medical records, is redacted prior to their release); 1993-300 ("With regard to leave records, the privacy exception ordinarily does not provide a basis for denying access to such records. While particular information within a leave record might be exempt, this requires a factual review on a case-by-case basis); and 91-003. In the last cited opinion, one of my predecessors stated:
 As to leave records, it is my opinion that such records are, as a general matter, public records which are open to inspection and *Page 5 
copying under the FOIA. It must be noted, however, that any medical records which are part of a request for leave (this would most likely occur in the context of sick leave), should be removed prior to release of the leave record.
Op. Att'y Gen. 91-003 at 4.
To the extent you propose to withhold all sick leave records, including the amounts of leave requested, in my opinion your decision is inconsistent with the FOIA. As stated in Op. Att'y Gen. 1993-300
"Ordinarily, a blanket denial of access to personnel records is contrary to the FOIA. Rather, any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) or other records, such as medical records, otherwise exempt under the FOIA (see § 25-19-105(b)) should be deleted and the remainder of the personnel records made available for inspection and copying."Id. at 2.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This office has opined on numerous occasions that social security numbers are not subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-013; 2006-035; 2003-153; 93-300; and 91-003. Medical records are further exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(2). This office has consistently interpreted the term "medical records" as used in the FOIA to mean "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-025; 2000-130; 99-110; 98-202; and 89-147.